IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIKA NELSON, GRACIELA BOCANEGRA, and DONNIE McBROOM, | § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1497-B |
| | § | |
| LOWE'S HOME CENTERS, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lowe's Home Centers, Inc.'s ("Lowe's" or "Defendant")

Motion for Judgment on the Pleadings (doc. 16) pursuant to Federal Rule of Civil Procedure 12(c)

("Rule 12(c)"), filed February 14, 2012. For the reasons set forth in this order, Defendant's Motion

for Judgment on the Pleadings is **GRANTED**.[1]

I.

BACKGROUND[2]

This action arises from the termination of Plaintiffs Erika Nelson ("Nelson"), Graciela

Bocanegra ("Bocanegra"), and Donnie McBroom ("McBroom") (collectively, "Plaintiffs") by their

employer Lowe's Home Centers, Inc. Plaintiffs allege that Lowe's terminated Plaintiffs in retaliation

---

[1]Lowe's also filed a Motion for Summary Judgment on July 6, 2012 (doc. 22). Given that the Court grants Lowe's Rule 12(c) motion, the Motion for Summary Judgment is **DENIED AS MOOT**.

[2]The Court refers to Plaintiffs' Original Petition ("Pet.") filed in state court on May 19, 2011 and attached to Lowe's Notice of Removal as Exhibit C.

for their opposition to racial slurs in the workplace, while Lowe's claims Plaintiffs were terminated for abuse of company discounts. Plaintiffs are residents of Texas. Lowe's is incorporated in North Carolina and does not maintain its principal place of business in Texas.  Pet. ¶ 5; Notice of Removal 2.

In June 2008, Lowe's transferred Nelson, who is African-American, to a Lowe's location in Greenville, Texas, where she worked as a store manager. Pet. ¶ 6, Wilson Aff. Ex. A. At the Greenville location, Bocanegra, who is Hispanic, and McBroom, who is Caucasian, were employed as "management employee[s]." Pet. at ¶¶ 7-8, Wilson Aff. Ex. A. Shortly after Nelson began work in Greenville, employees reported several instances of the word "nigger" written on notes found at the store. *Id.* at ¶ 9. Then, an employee cutting flooring for a customer found the word "nigger" written on vinyl flooring. *Id.* At this point, Nelson reported the slurs to her boss, Teri Jamison, and Lowe's area human resources ("HR") and operations managers. *Id.* The store level HR manager received instructions to take statements from employees who either witnessed or found the slurs. *Id.* Subsequently, another Lowe's employee discovered the word "nigger" written on the back of a carpet cutting machine. *Id.* at ¶ 10. Nelson reported this discovery to her supervisors. *Id.* Plaintiffs allege management took no further action. *Id.* Plaintiffs state that Nelson, McBroom, and Bocanegra collectively opposed the "racist, anti-black environment" in their workplace." *Id.* at ¶ 11.

About two years after Nelson reported the racial slurs, Nelson claims a Lowe's customer, "Mr. Martin," discovered Nelson had constructed a house in Greenville and resided in a home neighboring him. *Id.* at ¶ 15. Nelson alleges Mr. Martin made racially motivated remarks to Nelson and questioned how Nelson could afford to construct such a home. *Id.* Nelson further claims Mr. Martin complained to Lowe's that Nelson was stealing. *Id.* On February 16, 2010, Lowe's "terminated

Nelson for abusing the employee discount system by taking manual overrides . . . and [] terminated Plaintiff Bocanegra and Plaintiff McBroom for assisting Nelson in getting the unauthorized discounts." *Id.* at ¶ 16; Wilson Aff. Ex. A. Nelson admits that she and her husband purchased the majority of the materials for their new home from Lowe's using her employee discount, though she claims she followed all of Defendant's rules regarding use of the discount. *Id.* at ¶ 14. The Plaintiffs allege that Lowe's ignored its own records regarding the employee discount system in terminating them, and such action was retaliation against at least Bocanegra and McBroom "for assisting Nelson and for providing testimony that defended Nelson during the investigation" and retaliation against all of the Plaintiffs because of their oppositions to Defendant's "refusal to eliminate the hostile [work] environment." *Id.* at ¶¶ 16. 20. In response, Lowe's continues to argue that Plaintiffs were terminated for improper use of employee discounts.

On May 19, 2011, Plaintiffs filed this action in the 162nd Judicial District of Dallas County pursuing causes of action for discrimination and retaliation under 42 U.S.C. § 1981 and a state law cause of action for defamation and slander. *Id.* at ¶¶ 17-24. The case was removed to this Court on July 7, 2011. Lowe's filed a Motion for Judgment on the Pleadings on February 14, 2012, arguing that Plaintiffs' Petition should be dismissed in its entirety. The motion now being ripe, the Court will therefore address the arguments below.

## II.

## LEGAL STANDARDS

A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props.,*

*Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)). The standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a Rule 12(b)(6) motion for failure to state a claim.[3] *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

In order to survive a motion to dismiss, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

---

[3]The Court may look to "allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims." *Cox v. Cent. Insurex Agency, Inc.,* 3:11-CV-2267-B, 2012 WL 253882, at *2 (N.D. Tex. Jan. 26, 2012) (Boyle, J.) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004)). In the present case, Plaintiffs' Petition specifically discusses Defendant's records and its reason for terminating *See* Pet. ¶ 16. As such, the Court considers the Wilson Affidavit and its exhibit concerning Defendant's records of the Plaintiffs' termination, both of which were attached to Lowe's motion.

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Further, "Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-153 (5th Cir. 2010) (citations omitted).

## III.

## ANALYSIS

In its Motion for Judgment on the Pleadings, Lowe's argues that dismissal is proper because Plaintiffs fail to allege facts sufficient to state a claim for discrimination, retaliation, or slander and defamation. Plaintiffs argue in response that the Petition alleges sufficient facts to show that Lowe's terminated Plaintiffs on racially discriminatory grounds and that Lowe's had no evidence that Plaintiffs abused the employee discount system. The Court will address the arguments in turn.

A.    *Plaintiffs' Employment Discrimination Claims*

    i.    Bocanegra's and McBroom's Discrimination Claims

As an initial matter, Plaintiffs' Response in opposition to Lowe's motion concedes that McBroom cannot assert a discrimination claim against Lowe's. Plaintiffs also request that Lowe's motion "be denied in part so that all Plaintiffs . . . may proceed with their [§] 1981 retaliation claims and their defamation and slander claims and Nelson may proceed on her [§] 1981 employment discrimination claim." Pls.' Resp. 5. Through this concession and request, Plaintiffs in effect state that they no longer wish to pursue Bocanegra's and McBroom's discrimination claims. Accordingly, Bocanegra's and McBroom's discrimination claims are hereby **DISMISSED**.

    ii.    Nelson's Discrimination Claim

A suit arising under § 1981 is analyzed using a Title VII framework which requires that the plaintiff establish a prima facie case of discrimination. *Washington v. Louisiana*, 425 F. App'x 330, 333

(5th Cir. 2011). "Title VII race discrimination claims are subject to the burden-shifting framework first established in [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)]," which requires Plaintiffs establish a prima facie case by a preponderance of the evidence. *Woods v. Wichita Falls Indep. Sch. Dist.*, 7:11-CV-0065-O, 2011 WL 5334818, at *3 (N.D. Tex. Nov. 7, 2011) (citing, *inter alia*, *McDonnell Douglas Corp.*, 411 U.S. at 802). "To establish a prima facie case of race discrimination, a plaintiff must show that (1) he belongs to a protected class of persons; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) employees outside his protected class were treated differently under nearly identical circumstances." *Id.* (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). Lowe's argues that Plaintiffs' factual assertions cannot plausibly support the fourth element of a prima facie discrimination case[4] and therefore the Court considers whether Nelson's factual assertions plausibly allege that other similarly situated employees were treated differently.[5]

---

[4]Lowe's does not address elements 1-3 of the prima facie discrimination case. Def.'s Mot. 6, n.2. The Court assumes, without deciding, that the Petition sufficiently alleges elements 1-3 of Nelson's discrimination claim.

[5]Nonetheless, as with other forms of intentional discrimination, providing evidence of "similarly situated employees" or that the plaintiff was "replaced by an individual outside the protected group" are not the only methods by which a plaintiff may discharge his burden of establishing a prima facie case of intentional discrimination. *Abdu-Brisson v. Delta Airlines*, 239 F.3d 456, 467-68 (2d Cir. 2001). Nelson may also establish the fourth element of her prima facie case by showing that she was otherwise discharged because of her race. *See Lawson v. S. Components, Inc.*, 410 F. App'x. 833, 835 (5th Cir. 2011) (citing *Fields v. J.C. Penney Co.*, 968 F.2d 533, 536 n.2 (5th Cir. 1992)). Although the Petition is unclear on its theory of discrimination, the gravamen of the complaint is that Lowe's retaliated against Plaintiffs because they opposed the hostile environment in the store. Vague allegations based on Nelson's subjective belief that Lowe's fired Nelson two years after the racial slurs incident "based on the unfounded, hateful ranting of Mr. Martin" are simply insufficient to plead that Nelson was "otherwise discharged" because of her race.

- 6 -

The fourth factor of a prima facie case for discrimination requires Nelson to show facts indicating someone outside of Nelson's protected group replaced her, or that "other similarly situated employees were treated more favorably." *Chambers v. Joseph T. Ryerson & Son, Inc.*, Civ. A. 3:05-CV-1533-D, 2007 WL 1944346, at *4 (N.D. Tex. July 2, 2007) (citing *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004)). A similarly situated employee is "nearly identical" when both employees are similarly positioned in a company hierarchy and participate in "nearly identical" conduct. *Dotson v. Gulf,* Civ. A. H-05-0106, 2006 WL 44071, at *7 (S.D. Tex. Jan. 9, 2006) ("employees with different responsibilities, different supervisors, different capabilities, different work rule violations, or different disciplinary records are not considered to be 'nearly identical'") (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.,* 245 F.3d 507, 514-15 (5th Cir. 2001)). "The Fifth Circuit has rigidly applied the 'nearly identical' standard in determining whether a plaintiff has satisfied the fourth element of the prima facie case, and it routinely [rules for the defendant] when a plaintiff cannot meet this element." *Chambers*, 2007 WL 1944346, at *11.

There are no facts in the Plaintiffs' Petition to indicate any other nearly identical employees similarly situated to Nelson engaged in similar conduct yet received more favorable treatment. Neither Nelson's replacement nor the race of her replacement is mentioned in the Petition. Plaintiffs' Petition states that Lowe's fired McBroom, a Caucasian, and Bocanegra, a Hispanic, for the precise reason Lowe's terminated Nelson. *See* Pet. ¶ 20. The Defendant's records indicate Defendant terminated all three Plaintiffs for "Violation of Comp Rules." Wilson Aff. 3. Thus, even when construing Nelson's co-Plaintiffs as similarly situated, the factual recitations clearly indicate that "[a]ll persons . . . [had] the same right . . . enjoyed by white citizens . . . and [were] subject to like punishment." 42 U.S.C. § 1981(a). Further, Nelson's position as store manager is presumably higher

in the company hierarchy than "management employee[s]" Bocanegra and McBroom. *See* Pet. ¶¶ 6-8. While comparative evidence is not the only way Nelson can raise an inference of discrimination, Nelson's own "subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." *Lawson v. S. Components, Inc.*, 410 F. App'x 833, 836 (5th Cir. 2011) (citing *E.E.O.C. v. La. Office of Comty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995)). Nelson's subjective belief that Lowe's terminated her based on racial grounds, without more, is insufficient to "raise an inference of discrimination." *Lawson*, 410 F. App'x at 836 (finding that the plaintiff failed to establish a prima facie case of discrimination where her opinion that she was subjected to discrimination was unsupported by evidence). As such, Defendant's Motion for Judgment on the Pleadings in regard to Nelson's employment discrimination claim is hereby **GRANTED**. Nelson's employment discrimination claim is hereby **DISMISSED.**

B.     *Plaintiffs' Retaliation Claims*

To establish a prima facie case for retaliation Plaintiffs must present sufficient facts for the Court to infer "(1) [Plaintiffs] engaged in a protected activity;[6] (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse employment action." *Penalver v. Res. Corp. of Am.*, 3:10-CV-0280-D, 2011 WL 1885988, at \*5 (N.D. Tex. May 18, 2011); *see also Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

---

[6]Lowe's does not address the first element of Plaintiffs' retaliation claim under § 1981, Mot. 8 n.3, though it does argue in its Reply that Plaintiffs fail to establish the protected activity prong. Protected activity includes "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (citation omitted). In the present case, Plaintiffs made a charge of discrimination via complaints to the company in 2008 that resulted in an investigation of discrimination at the Greenville location. Pet. ¶¶ 9-11. Therefore, for the purposes of this Motion the Court will assume Plaintiffs have sufficiently established this prong of the analysis.

Plaintiffs claim "Defendant retaliated against all of the Plaintiffs, in violation of Section 1981, by firing them because they opposed the Defendant's refusal to eliminate [Lowe's] hostile [work] environment." Pet. ¶ 20. Plaintiffs also allege that Lowe's disregarded its records and terminated Nelson based on Mr. Martin's racially biased allegations of theft. Pet. ¶¶ 16, 20-21. Plaintiffs claim Lowe's then "manufactured cases against [Bocanegra and McBroom] because they stood with [Nelson] in opposing the hostile environment in the store." *Id.* at 22. Lowe's argues that Plaintiffs' factual assertions fail to establish a prima facie claim for retaliation, particularly due to the two year gap between Plaintiffs' 2008 company complaints and Defendant's alleged retaliation in 2010. Ultimately, Plaintiffs allege insufficient facts for the Court to infer a claim for retaliation in violation of 42 U.S.C. § 1981.

### i.      Adverse Employment Action

Plaintiffs state sufficient facts for the Court to plausibly infer that Lowe's subjected Plaintiffs to an adverse employment action because Lowe's fired all three Plaintiffs. "The Fifth Circuit has defined 'adverse employment action' as 'an ultimate employment decision, such as hiring, granting leave, discharging, promoting, and compensating.'" *Miller v. Wachovia Bank, N.A.,* 541 F. Supp. 2d 858, 865 (N.D. Tex. 2008) (citing *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 (5th Cir. 2003)). Here, Defendant's termination of Plaintiffs clearly establishes the second element of a prima facie case for retaliation.

### ii.      Causal Link Between Protected Action and Termination

The Fifth Circuit's "causal link" requirement for establishing a prima facie case of retaliation is less stringent than a "but for" standard. *Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 471 (5th Cir. 2002). Plaintiffs must only show "*some* evidence of a causal link." *Ackel* 339 F.3d at 385 (5th Cir.

2003) (emphasis in original). The Fifth Circuit relies on three factors to determine whether Plaintiffs can factually support the indication of causation necessary to state a claim for retaliation. *Smith v. Xerox Corp.*, 371 F. App'x 514, 520 (5th Cir. 2010). When evaluating causation, the Court may consider "(1) the employee's past disciplinary record, (2) whether the employer followed its typical policy and procedures in terminating the employee, and (3) the temporal proximity between the employee's conduct and termination." *Id.*

In regard to the first factor, the pleadings are silent as to the Plaintiffs' past disciplinary records. In regard to the second factor, the Petition alleges that "Lowe's believed Mr. Martin's accusations and concluded, before any investigation of its records that Nelson had stolen," "ignored its own records" in terminating Nelson, "adopted wholesale" Mr. Martin's allegations without conducting a proper investigation, and "manufactured cases against the other Plaintiffs because they stood with her in opposing the hostile environment in the store." Pet. ¶¶ 16, 21-22. Such allegations sufficiently allege that Lowe's failed to follow its typical policy and procedures in terminating Plaintiffs.

With regards to the third factor, Plaintiffs' Petition summarily states Lowe's fired Plaintiffs for complaining about a racist work environment, yet the company complaints arose *two years* before Plaintiffs' termination. The Fifth Circuit has made clear that "temporal proximity must be 'very close' to show causation." *Barkley v. Singing River Elec. Power Ass'n.*, 433 F. App'x 254, 260 (5th Cir. 2011) (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-274 (2001)); *see Ajao v. Bed Bath & Beyond, Inc.*, 265 F. App'x 258, 265 (5th Cir. 2008) ("temporal proximity of four months is not close enough without additional supporting [] evidence to establish a causal connection between the employment action and the protected conduct"); *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d

261, 268 (5th Cir. 1994) (ten month time lapse "does not support an inference of retaliation, and

rather, suggests that a retaliatory motive was highly unlikely"); *Monroe v. Oncor Energy Delivery Co.*,

3-01-CV-1012-D, 2003 WL 22016960, at \*4 (N.D. Tex. Aug. 26, 2003) (15-month delay "is far too

attenuated to support an inference of retaliation"). A period of two years, without any negative

interceding events, is insufficient for the Court to infer a prima facie case of retaliation in this case.

Simply put, this two-year gap between the incident of racial slurs (and the accompanying

investigation) and Plaintiffs' termination, even with Plaintiffs' allegations that Lowe's did not follow

its normal termination procedures, is too long for the Court to infer a causal connection between the

two events. To hold otherwise would essentially preclude employers from terminating employees who

had ever engaged in protected activity, no matter how long ago the protected activity occurred. Such

a theory is not supported by case law in this Circuit.

Plaintiffs' factual assertions fail to support the existence of a causal connection between

Plaintiffs' 2008 company complaints and Defendant's termination of Plaintiffs. As such, Plaintiffs'

retaliation claim fails, and Defendant's Motion for Judgment on the Pleadings, to the extent it seeks

dismissal of Plaintiffs' retaliation claims, is **GRANTED**. Plaintiffs' retaliation claim is hereby

**DISMISSED.**

C.      *Plaintiffs' Defamation and Slander Claims*

Plaintiffs' devote three sentences in the Petition to support their "slander and defamation"

claim:

> Defendant's act of falsely accusing each Plaintiff of giving unauthorized discounts was
> a fancy way [of] saying that each is a thief and committed an act of moral turpitude.
> The accusations were untrue and Defendant knew that they were untrue. Defendant
> is thus liable to each Plaintiff for slander and defamation.

Pet. ¶ 24. These conclusory statements are insufficient to factually support a cause of action for defamation or slander.

To establish a cause of action for defamation under Texas law the Plaintiffs must show Lowe's "(1) published a statement, (2) that was defamatory as to [Plaintiffs], (3) 'while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement.'" *Hill v. Anderson*, 420 F. App'x 427, 434 (5th Cir. 2011) (quoting *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998)). Further, defamation claims "must specifically state the time and place of the publication," *Jackson v. Dallas Indep. Sch. Dist.*, No. Civ. A. 3:98-cv-1079, 1998 WL 386158, at *5 (N.D. Tex. July 2, 1998), as well as the alleged defamatory statement and the speaker, *Ameen v. Merck & Co.*, 226 F. App'x 363, 370 (5th Cir. 2007) (citations omitted). "Slander is defamation without legal excuse, published orally." *Melgarejo v. 24 Hour Prof'l Janitorial Servs.*, Civ. A. 3:07-CV-1847-B, 2008 WL 3342705, at *2 (N.D. Tex. Aug. 7, 2008) (Boyle, J.) (citing 50 Tex. Jur. 3d *Libel and Slander* § 4 (2008)).

Plaintiffs' Petition fails to allege sufficient facts to survive Lowe's Motion for Judgment on the Pleadings. The Petition does allege that Lowe's made defamatory statements about Plaintiffs, accusing Plaintiffs of giving unauthorized discounts. However, the Petition does not set forth the time and place of the publication of these or any other defamatory statements, nor does it set forth the speaker of these statements. As such, the Court **GRANTS** Lowe's Motion for Judgment on the Pleadings to the extent it seeks dismissal of the Petition's Slander and Defamation claim.

Lowe's also asserts qualified privilege as an additional ground for dismissal of the slander and defamation claim. An employer maintains a qualified privilege for communications made while investigating employee misconduct "as long as communications pass only to persons having an

interest or duty in the matter to which the communications relate." *McKinney v. Dallas Indep. Sch. Dist.*, CIV. A. 3:03-CV-1297, 2004 WL 2058785, at *2 (N.D. Tex. Sept. 15, 2004). Plaintiffs have failed to allege facts that indicate Lowe's published statements, orally or through written materials, regarding Plaintiffs' termination to anyone other than Lowe's investigators, Lowe's human resources personnel, and the Plaintiffs themselves. However, "[p]roof that a statement was motivated by actual malice existing at the time of publication defeats the privilege," and with regards to defamation, "a statement is made with actual malice when the statement is made with knowledge of its falsity or with reckless disregard as to its truth." *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Here, Plaintiffs allege that Lowe's accused them of improperly using or assisting in the improper use of employee discounts, ignoring its own records which purportedly show that no improper use took place. Such allegations, if true, plead that Lowe's accusations were made with at least reckless disregard as to its truth, and as such, Defendant's Motion, to the extent it seeks dismissal of Plaintiffs' slander and defamation claim based on qualified privilege, is **DENIED**.

## IV.

## CONCLUSION

For the reasons stated herein, the Court finds that Lowe's Motion for Judgment on the Pleadings should be and hereby is **GRANTED**. Plaintiffs' Original Petition is hereby **DISMISSED**.

The Court does not take lightly dismissal of a claim without reaching its merits. Thus, a plaintiff will be given the opportunity to amend a complaint where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (noting that a court may dismiss a claim for failing to comply with Rule 9(b), but "it should not do so without granting leave to amend, unless the defect is simply

incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so."); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted.") (citation omitted).

If Plaintiffs are able to replead any Counts to overcome all of the grounds stated herein for dismissal, they should do so by no later than thirty (30) days from the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than five (5) pages, explaining how the amendments overcome the grounds stated for dismissal in this Order. Should Plaintiffs replead, Lowe's is hereby granted leave to file a response to Plaintiffs' synopsis. Any such response shall not exceed five (5) pages and must be filed within ten (10) calendar days of the repleading. No further briefing will be permitted.

Further, in light of light of the dismissal of Plaintiff's Original Petition and the possible repleading by Plaintiffs, the Court hereby **VACATES** the October 9, 2012 trial setting and related deadlines.

SO ORDERED.

SIGNED: August 29, 2012.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE